IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES MOSLEY, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 24-CV-3833 |
| : | |
| PURDUE PHARMA LP, *et al.*, : | |
|     Defendants. : | |

**MEMORANDUM**

**PEREZ, J.**                                                                                             **September 6th, 2024**

    James Mosely, a frequent *pro se* plaintiff in this Court, has filed a civil action asserting due process violations and racial discrimination claims against seven individuals or entities related to the bankruptcy proceedings involving Defendant Purdue Pharma LP. Mosley also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mosley leave to proceed *in forma pauperis* and dismiss the case with prejudice.

**I.      FACTUAL ALLEGATIONS**[1]

    Mosley's factual allegations are brief and undeveloped. He names Purdue Pharma LP ("Purdue"), Davis, Polk & Wardwell LLP, Marshall S. Hueber, Benjamin S. Kaminetzky, Timothy Graudich, and Eli J. Vonnegut as Defendants asserting that a state court action he filed against Purdue in the Court of Common Pleas of Philadelphia was improperly stayed by the filing of a suggestion of bankruptcy of Purdue. Mosley attached to his Complaint a Suggestion of Bankruptcy and Automatic Stay of Proceedings filed in the state court case. (Compl. at 12-

---

[1] The factual allegations set forth in this Memorandum are taken from Mosley's Complaint (ECF No. 2). The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

13.) Mosley references a recent United States Supreme Court decision that dismissed the Purdue bankruptcy litigation and attached to his Complaint (1) a news article about the decision (Compl. at 7-10), and (2) a copy of the bankruptcy petition of Purdue Pharma, Inc. indicating that Purdue Pharma LP is an "affiliated entity" (*id*. at 17-33, 21).  The petition was signed by Defendant Marshall S. Huebner, an attorney with Defendant Davis, Polk & Wardwell LLP.  (*Id*. at 20.) There is no description in the Complaint of any act taken by Defendants Benjamin S. Kaminetzky, Timothy Graudich, and Eli J. Vonnegut.  Mosley asserts that "all named Defendants [committed] discrimination, negligence, derelection [sic] of duty to properly file for bankruptcy," and denied him due process by filing the automatic stay in his state court case.  (*Id*. at 3, 4.)  He alleges he has been harmed "due to his African American and defendants caucasin [sic] dissent [sic] and wrongful acts."  (*Id*. at 4.)  He seeks $5 million in damages due to the "undue delay" in his state court case.  (*Id*.)

## II.     STANDARD OF REVIEW

The Court grants Mosley leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . .

contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, No. 22-2846, 2024 WL 3820969 (3d Cir. Aug. 15, 2024), (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Mosley is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.  DISCUSSION

#### A.  Due Process Claims

Because Mosley uses the term "due process," the Court understands him to raise constitutional claims against the Defendants. Any such claim is not plausible. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.").

To the extent Mosley attempts to bring constitutional claims against Purdue because it filed a bankruptcy petition, it is clear that private entities do not become "state actors" because they engage in the private conduct of resorting to the bankruptcy courts for relief. *Manuel v. Shipyard Holdings*, No. 01-883, 2001 WL 1382050, at *6 (N.D. Cal. Nov. 5, 2001) (granting summary judgment in favor of the defendant on the plaintiff's claim that by filing a proof of

claim in his bankruptcy, the defendant violated his Fifth and Fourteenth Amendment rights, and explaining that "[m]erely resorting to the courts and being on the winning side of a lawsuit does not suffice" to establish the requisite state action) (quoting *Dennis v. Sparks*, 449 U.S. 24, 28 (1980) (holding that "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge")); *see also Grapentine v. Pawtucket Credit Union*, 755 F.3d 29, 31 (1st Cir. 2014) ("Significantly, [Section] 1983 does not apply to merely private conduct, no matter how discriminatory or wrongful.") (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)) (internal quotations omitted).

    Attorneys, like Defendants Huebner and his law firm Davis, Polk & Wardwell LLP, who represent private parties in litigation also are not state actors subject to liability under § 1983. *Mosley v. Starbuck Corp.*, No. 23-4000, 2023 WL 7285371, at *4 (E.D. Pa. Nov. 3, 2023), *aff'd sub nom. Mosley v. Starbucks Corp.*, No. 23-3095, 2024 WL 2103313 (3d Cir. May 10, 2024) (citing *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court.")).[2] Mosley asserts no specific facts concerning how Defendants Benjamin S. Kaminetzky, Timothy Graudich, and Eli J. Vonnegut were personally involved in this case. Thus, any constitutional claim under § 1983 against them is not plausible. *See Mosley v. Huggins*, No. 22-5212, 2023 WL 5016646, at *3 (E.D. Pa. Aug. 7, 2023) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action

---

[2] As the citation to *Mosley v. Starbuck Corp.* suggests, the Court has previously advised Mosley that attorneys representing clients in court proceedings are not state actors in dismissing one of his prior cases.

must have personal involvement in the alleged wrongs" to be liable.).[3] Notably, Mosley lists the addresses of these Defendants as the same address as Davis, Polk & Wardwell LLP. To the extent that these individuals also represented Purdue as its attorneys, they too would not be state actors. Accordingly, all constitutional claims are dismissed with prejudice.

B.   **Racial Discrimination Claims**

With no further explanation, Mosley asserts that the Defendants discriminated against him because he is African American. This type of conclusory allegation is insufficient to assert any kind of claim in federal court, including a race discrimination claim. *See, e.g., Fisher v. Catholic Soc. Servs.*, No. 18-4653, 2019 WL 3731688 at *5 (E.D. Pa. Aug. 7, 2019) (dismissing the plaintiff's race discrimination claim because "bald statements" of discrimination are exactly the kind of threadbare recitals "that *Iqbal* repudiates" (quoting *Iqbal*, 556 U.S. at 678)); *Mosley v. Bank of Am.*, No. 23-30, 2023 WL 5017962, at *3 (E.D. Pa. Aug. 7, 2023), *aff'd*, No. 23-2497, 2024 WL 224336 (3d Cir. Jan. 22, 2024) (same); *Mosley v. Wells Fargo*, No. 23-4669, 2023 WL 8600198, at *2 (E.D. Pa. Dec. 12, 2023 (citing *Iqbal* and dismissing claims because "Mosley's bald assertions that Wells Fargo 'exhibited bias and discriminatory practices' and violated Mosley's 'class member due process equal rights' are conclusory."), *appeal dismissed*, No. 24-1079, 2024 WL 3339289 (3d Cir. May 14, 2024).[4]

Given that Mosley discusses a state court lawsuit, he may be attempting to assert a claim under 42 U.S.C. § 1981, which provides that

---

[3] As the citation to *Mosley v. Huggins* suggests, the Court has previously advised Mosley that personal involvement by a defendant is a requirement of asserting a constitutional claim in dismissing one of his prior cases.

[4] As the citations to *Mosley v. Bank of Am*. and *Mosley v. Wells Fargo* suggest, the Court has previously described the *Iqbal* standard to Mosley in dismissing his prior cases.

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C § 1981. "'To establish a claim under § 1981, the plaintiff must allege (1) he is a member of a racial minority; (2) the defendant intended to discriminate against the plaintiff on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.).'" *Mosley v. Cipriani & Werner, PC*, No. 24-0510, 2024 WL 1181439, at *3 (E.D. Pa. Mar. 19, 2024) (quoting *White v. Wireman*, No. 16-675, 2018 WL 1278588, at *9 (M.D. Pa. Feb. 8, 2018), *report and recommendation adopted*, 2018 WL 1251786 (M.D. Pa. Mar. 12, 2018) (quoting *Coggins v. Cnty. of Nassau*, 988 F. Supp. 2d 231, 247 (E.D.N.Y. 2013), *aff'd in part, appeal dismissed in part sub nom. Coggins v. Buonora*, 776 F.3d 108 (2d Cir. 2015).[5] The first two elements of a § 1981 claim require showing that a plaintiff "belongs to a racial minority" and that the defendants had the "intent to discriminate on the basis of race." *Bell v. City of Milwaukee*, 746 F.2d 1205, 1232 (7th Cir. 1984); *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 569 (3d Cir. 2002). Because Mosely asserts no facts to show that any Defendant engaged in intentional discrimination, any claim under § 1981 is not plausible. Because he has previously been advised of the elements of a § 1981 claim, the Court finds that leave to amend the claim would be futile and dismisses the claim with prejudice. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that district courts should dismiss *pro se* complaints with leave to amend "unless amendment would be inequitable or futile").

---

[5] As the citation to *Mosley v. Cipriani & Werner, PC* suggests, the Court has previously advised Mosley of the elements of a § 1981 claim in dismissing one of his prior cases.

C.     State Law Claims

Mosley mentions negligence and "derelection [sic] of duty to properly file for bankruptcy," possibly intending to raise state law claims. Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). A corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c). In contrast, "the citizenship of an LLC [or other unincorporated entity] is determined by the citizenship of its members." *Zambelli*, 592 F.3d at 420. It is the plaintiff's burden to establish diversity of citizenship. *See Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate

complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Mosley alleges that the Purdue and the other Defendants are citizens of New York and that he is a citizen of Pennsylvania. (Compl. at 2-3.) However, the bankruptcy materials he appended to his Complaint indicates that Purdue Pharma LP is a partnership (*id*. at 17) and he makes no allegations about the citizenship of its partners. He also makes no citizenship allegations about the partners of David, Polk & Wardwell, LLP. Accordingly, Mosley has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

V.     CONCLUSION

For the reasons stated, all federal constitutional claims and race discrimination claims raised in the Complaint will be dismissed with prejudice. Mosley's state law claims will be dismissed without prejudice for lack of subject matter jurisdiction. An appropriate Order follows.

                                        BY THE COURT:

                                        _____
                                        **HON. MIA R. PEREZ**